# OCTOBER 11, 1939

TOM CAIN V. THE STATE.

No. 20441. Delivered May 31, 1939.
On Motion to Reinstate Appeal June 21, 1939.
Rehearing Denied October 11, 1939.

The opinion states the case.

*Rowell & Rowell* and *G. W. Lindsey,* all of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for ten years.

We find in the transcript recitals showing the return of the verdict of the jury and a copy of the verdict. The transcript fails to embrace the judgment of conviction. Under the circumstances, this court is without jurisdiction.

It is also shown in the transcript that appellant entered into a recognizance pending appeal. The recognizance is not brought forward. In the absence of proper recognizance this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Malachia Johnson by shooting him with a shotgun. The homicide occurred on the 27th of August, 1938, near a country store operated by Ned Harper. Appellant and deceased had been engaged in a domino game across the road from the store. A dispute arose as the result of the failure of the deceased to pay appellant twenty

cents which appellant claimed he had won on the games they played. After a wordy altercation appellant left the scene of the game with the statement to the deceased that he "would be seeing him." Going to his home, which was not far removed from the store, appellant remained there about an hour after which time he started back towards the store carrying a shotgun. According to the version of the State, he hid the gun near the place where the domino game had been in progress and approached deceased, saying to him, "You didn't treat me right." Deceased replied, "Yes, I treated you right." Appellant and deceased then began abusing one another, with the final result that appellant called deceased a G—d— liar and at the same time ran to the place where he had left his shotgun. Deceased picked up a brick but did not throw it. Appellant turned and said to deceased: "You ain't going to pay, is you?" Immediately after making this statement he shot deceased. Deceased fell on his hands but immediately arose and ran around the store, pursued by appellant. Loading his gun again, appellant followed deceased and fired another shot. Deceased expired a few minutes after the second shot was fired.

According to appellant's version, deceased owed him twenty cents on the domino games they had played and refused to pay him. He left the game for the purpose of going home to do his chores and with no intention of procuring his shotgun and returning to the vicinity of the store for the purpose of killing deceased. After remaining at home for approximately an hour his wife sent him to the store for the purpose of buying some food. He carried his shotgun with him in order to protect himself against the deceased. When he got near the store Elijah Calhoun asked him to lend him fifteen cents. His reply to Calhoun was that if deceased would pay him the twenty cents he owned him he would let him have ten cents. Hearing this remark, deceased called appellant a G—d— liar, saying that he owned him nothing. Appellant replied that deceased was a G—d— liar, and that he owed him twenty cents on the domino game. Further, appellant testified that at this juncture deceased procured a brick and he (appellant) started running back toward his home; that he ran about forty yards until he reached the point where he had left his shotgun; that deceased was gaining on him; that he "grabbed up the gun" and shot deceased, believing at the time that deceased was going to attack him with the brick. Appellant

denied that he pursued deceased around the store and shot him a second time.

In rebuttal the State introduced the proprietor of the store, who testified that he had closed his store before the domino game between appellant and deceased had been concluded and had not reopened until the next morning. His testimony was evidently introduced for the purpose of rebutting appellant's testimony to the effect that his wife had sent him to the store to purchase food.

We are unable to agree with appellant's contention that the evidence is not sufficient to support a conviction for murder with malice.

No bills of exception are brought forward, and no exceptions were leveled at the charge of the court.

The sentence is reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than two nor more than ten years.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that in our original opinion we were in error in stating that appellant reloaded his gun and fired a second shot at deceased. This contention is correct, and the evidence discloses that appellant fired only one shot at deceased, striking him in the stomach, from the effects of which he shortly died.

The last two sentences in the first paragraph of the original opinion should be changed so as to read as follows: "Loading his gun again, appellant followed deceased, who expired a few minutes after the shot was fired."

Appellant also questions the fact that malice was shown by the testimony. The facts show that after an argument over the payment of twenty cents to appellant by deceased, the appellant left, saying "I'll be seeing you." That appellant left and was gone about thirty-five or forty minutes. That he returned with a shotgun, but left the same out near a hog pen in some bushes. That he then approached where the deceased

was standing, and again started the argument about the twenty cents. After some recrimination between each other, the deceased picked up a brick, and the appellant went to where he had left the gun, and shot the deceased. We think these facts were sufficient to establish a basis on which the jury might predicate their verdict of a killing upon malice.

We see no reason to recede from the views expressed in our original opinion.

The motion for rehearing is overruled.